```
                   IN THE UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF INDIANA
                           SOUTH BEND DIVISION

GARY LEE MARTIN, II,           )
                               )
Petitioner,                    )
                               )
vs.                            )    CAUSE NO. 3:06-CV-685
                               )
WALTER E. MARTIN,              )
                               )
Respondent.                    )
```

OPINION AND ORDER

This matter is before the Court on the petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a person in state custody seeking review of a Prison Disciplinary Sanction, filed by Gary Lee Martin II on October 2, 2006. For the reasons set forth below, Martin's habeas corpus petition is **DENIED**.

DISCUSSION

Section 2254 Habeas Corpus Rule 4 provides the following:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Martin attempts to challenge his demotion to credit class 3 and 180 day loss of good time in case MCF-06-07-0144 on July 18, 2006 by the Miami Correctional Facility Disciplinary Hearing Board (DHB). At that hearing he was found guilty of battery on a correctional officer by bodily waste in violation of A-102. In this petition he raises three grounds for his challenge. Though Martin argues that these errors violated the Adult Disciplinary Procedures

Handbook, habeas corpus relief is only available for the violation of a federal right. 28 U.S.C. § 2254(a). This court cannot grant habeas corpus relief based on the violation of a prison rule, therefore in this proceeding, it is not relevant whether the handbook was violated. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Nevertheless the court will review his grounds to determine whether the alleged errors violated any federal rights.

First, Martin argues that only two members of the DHB reviewed the videotape evidence that he submitted. "[D]ue process requires that he receive . . . the chance to present testimony and documentary evidence to an impartial decisionmaker . . .." *Lagerstrom v. Kingston*, No. 06-1521, 2006 WL 2567516 at *3 (7th Cir. Sept. 7, 2006). But due process does not require that the decisionmaker be a three member panel. *See Wolff v. McDonnell*, 418 U.S. 539 (1974). Here, the videotape was reviewed by two members of the DHB and both of them voted to find him guilty. Those two votes were sufficient to find him guilty, therefore it was not error for only two members to have viewed the videotape.

Second, Martin argues that he requested a videotape of the route to segregation "as well as any clothing, napkin, etc. that was used to wipe alleged spit off with as well as a picture of alleged spit." Petition at 4, docket # 1-1. The DHB attempted to obtain a videotape of the route to segregation, but determined that there was no videotape showing Martin being escorted to

-2-

segregation. Docket # 1-2 at 8. Though due process requires that he have the opportunity to present evidence, it does not require that he be permitted to submit evidence that does not exist. Based on his exhibit attached to his petition, it is clear that the DHB looked, but did not find the video images that he requested.

Martin's request for physical evidence of his spit is meritless. The record before the court does not reflect if the DHB attempted to locate such evidence, but it does not matter whether it did or not. If the DHB looked and did not locate this evidence, then it did not exist at the time of the hearing and therefore did not have to be produced. If they located and examined such evidence, then it was admitted and considered. Finally, it did not violate due process if they did not look because physical evidence of his spit would not be exculpatory. Irrelevant, repetitive, or unnecessary evidence need not be considered. *Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002).

Third, Martin argues that the evidence is insufficient to support finding that he committed battery on a correctional officer by bodily waste. The officer on whose face he spit wrote the conduct report and stated, "Offender Martin then spit on the right side of my face." Docket # 1-2 at 6. Though Martin argues that the other escorting officer testified that he did not actually see him spit, that is not relevant. "[T]he relevant question is whether there is any evidence in the record that could support the

-3-

conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted). "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Hill*, 472 U.S. at 457. Therefore, "once the court has found the evidence reliable, its inquiry ends - it should not look further to see whether other evidence in the record may have suggested an opposite conclusion." *Viens v. Daniels*, 871 F.2d 1328, 1335 (7th Cir. 1989).

Here, the officer's statement is some evidence that Martin spit on his face. Though Martin wants more evidence before being found guilty, federal due process does not set such a high standard

-4-

for DHB determinations.

CONCLUSION

    For the reasons set forth above, Martin's habeas corpus petition is **DENIED**.

**DATED:  October 13, 2006**         /s/RUDY LOZANO, Judge
                                                        **United States District Court**